UNITED STATE DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | ) ) ) | MDL 1586 |
| MATTHEW WIGGENHORN, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 1:05-CV-01674-JFM |
| AXA EQUITABLE LIFE INSURANCE COMPANY f/k/a THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, | ) ) ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM ADDRESSING[1]
ISSUES RAISED BY THE COURT'S AUGUST 25 INVESTOR CLASS OPINION**

As this Court noted in its August 25 investor class opinion, holders' "claims are not based upon an inherently speculative inquiry into their subjective state of mind but upon the concrete fact of their continued share ownership." Slip op. at 5. "Here, plaintiffs do not seek damages for the non-consummation of a hypothetical transaction but for value diminution and associated damages they suffered while holding their shares." *Id*. at n.6. Those observations describe to a T the only claim Plaintiff asserts in this case.

Unlike most other plaintiffs in this MDL proceeding, Plaintiff does not claim that he was induced by some misrepresentation or actionable omission on the part of Defendant to purchase his variable annuity. Plaintiff does not claim that the variable annuity was a bad investment. Plaintiff has not alleged that market timing in the underlying funds wiped out all of the benefits of investing in the variable annuity. Rather, Plaintiff's claim is that but for Defendant's negligently allowing market timing in the underlying funds, he would have earned a greater

---

[1] This memorandum is identical to the supplemental memoranda filed in *Woodbury v. Nationwide Life Ins. Co*.

1

return on his investment. Plaintiff seeks to recover the difference between what he earned and what he should have earned had the additional earnings not been siphoned off through market timing. Simply put, Plaintiff seeks to recover the damages he sustained as a result of Defendant's failure to exercise ordinary care in the management of the variable annuity.

That is a claim which by definition only a holder of a security can assert, which is why the nature of the claim Plaintiff has asserted is of even greater importance than the class definition he has proffered in the complaint. Although Plaintiff seeks to represent only similarly situated holders, the nature of the claim Plaintiff has asserted necessarily limits any class in this case to holders. The fact that Plaintiff or putative class members might also be "purchasers" in the sense that they may have participated in dividend reinvestment programs does not change the fact that Plaintiff's claim is exclusively for injuries he and class members sustained in connection with the holding of securities and not in connection with their purchase or sales of securities. As Plaintiff explained in his prior memorandum, market timing injures only holders, not purchasers or sellers, and the market timing injury which Defendant negligently permitted to occur is the only one which Plaintiff has asserted in this case. This is not a 10b-5 claim in disguise; Plaintiff does not claim to have been injured in connection with his purchase or sale of the variable annuity.

Thus, unlike in other cases where plaintiffs "have asserted claims on behalf of a class that include purchasers, as well as holders," this case—by virtue of the nature of the claim asserted—involves only holders. There are no (and can be no) purchasers or sellers in this case, because the nature of the negligence claim Plaintiff has asserted is one which a purchaser or seller does not and cannot have. In order to state a 10b-5 claim, a purchaser would need to alter the fundamental nature of the claim and allege more than that a defendant failed to exercise ordinary care in the

management of the fund. A purchaser would have to show either that a defendant made misrepresentations (or fraudulent omissions) regarding market timing in the fund in order to make out a securities fraud claim, as opposed to a garden variety, common law claim for negligence of the sort Plaintiff has asserted here.

Recognition that holders may assert common law claims for negligence in the management of mutual funds or variable annuities does not mean that holders do not also have 10b-5 claims (at least in limited contexts such as those involving late trading and market timing, as the Court suggested in its investor class opinion). Thus, there is no reason for the Court to conclude that a holder's common law negligence claim in connection with a plaintiff's holding of a security constitutes a SLUSA-preempted claim for deception or manipulation in connection with that plaintiff's purchase or sale of a security. Even if Plaintiff as a holder is entitled to assert a 10b-5 claim, the state law claim he has asserted in this case is not a 10b-5 claim in disguise Plaintiff's claim based on his status as a holder is separate and distinct from any 10b-5 claim that Plaintiff may have but has not asserted here.  SLUSA therefore does not preempt Plaintiff's claim, and Defendant's motion to dismiss should be denied.

## **Conclusion**

For the foregoing reasons and those previously briefed, Nationwide's Motion to Dismiss should be denied.

Respectfully submitted,

   s/ Robert L. King
Robert L. King #6209033
701 Market Street, Suite 350
St. Louis, MO 63101
Telephone:  314/621-4002
Facsimile:   314/621-2586
E-mail: king@swedlowking.com

KOREIN TILLERY
George A. Zelcs #3123738
Three First National Plaza
70 West Madison, Suite 660
Chicago, Illinois 60602
Telephone: 312/641-9750
Facsimile:  312/641-9751
E-mail: gzelcs@koreintillery.com

KOREIN TILLERY
Stephen M. Tillery #2834995
701 Market Street, Suite 300
St. Louis, MO 63101
Telephone:  314/241-4844
Facsimile:   314/241-3525
E-mail: stillery@koreintillery.com

*__Attorneys for Plaintiff and the Class__*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that service of the aforementioned instrument was made by means of the Notice of Electronic Filing on October 12, 2005, to the following counsel of record:

| | |
|---|---|
| **Deborah A. Hawkins**<br>Heyl, Royster et al.<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>dhawkins@hrva.com | **Margaret J. Schneider**<br>Mayer, Brown et al.<br>190 South LaSalle Street<br>Suite 3900<br>Chicago, IL 60603-3441<br>mschneider@mayerbrownrowe.com |
| **Richard K. Hunsaker**<br>Heyl, Royster et al.<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>rhunsaker@hrva.com | **Robert H. Shultz, Jr.**<br>Heyl, Royster et al.<br>103 West Vandalia Street<br>P.O. Box 467<br>Edwardsville, IL 62025<br>rshultz@hrva.com |
| **Michele Odorizzi**<br>Mayer, Brown et al.<br>190 South LaSalle Street<br>Suite 3900<br>Chicago, IL 60603-3441<br>modorizzi@mayerbrownrowe.com | |

                                        _____s/ Robert L. King_____\
                                        Robert L. King