UNITED STATE DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION ) <br> _____ ) <br> ) <br> MATTHEW WIGGENHORN, individually and on ) <br> behalf of all others similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> AXA EQUITABLE LIFE INSURANCE COMPANY ) <br> f/k/a THE EQUITABLE LIFE ASSURANCE ) <br> SOCIETY OF THE UNITED STATES, ) <br> ) <br> Defendant. ) | MDL 1586 <br><br><br><br><br><br><br><br> No. 1:05-CV-01674-JFM |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM ADDRESSING *DABIT*[1]**

In *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. ___, 2006 WL 694137 (Mar. 21, 2006), the Supreme Court held that "the identity of the plaintiffs does not determine whether the complaint alleges fraud 'in connection with the purchase or sale' of securities" for purposes of SLUSA. Thus, Plaintiff candidly acknowledges that one of the arguments he has advanced here – that all holders' claims are untouched by SLUSA – must now be rejected. Plaintiff's other point – that he has not alleged fraud or manipulation in connection with his purchase of Equitable's variable annuity – is not addressed in *Dabit*.

As Plaintiff has previously noted, unlike most other plaintiffs in this MDL proceeding, Plaintiff does not claim that he was induced by some misrepresentation or actionable omission by Defendant to purchase his variable annuity. Rather, Plaintiff's claim is that but for Defendant's negligent management of the underlying funds – specifically, its failure to fair value price – Defendant injured plaintiff. The only recovery Plaintiff seeks is for the damage he

---

[1] This memorandum is identical to the supplemental memoranda filed in *Woodbury v. Nationwide Life Ins. Co*.

1

sustained as a result of Defendant's failure to exercise ordinary care in the management of the variable annuity.

Throughout the *Dabit* opinion, the Court stressed the fact that Dabit had alleged fraud and manipulation and that the fraud and manipulation was "in connection with" his purchase of securities, as the Court has broadly interpreted the phrase. "The gist of Dabit's complaint was that Merrill Lynch breached the fiduciary duty and covenant of good faith and fair dealing it owed its brokers **by disseminating misleading research and thereby manipulating stock prices**." *Dabit*, 2006 WL 694137 at *3 (emphasis added).

> Under the Second Circuit's analysis, fraud is only "in connection with the purchase or sale" of securities, as used in SLUSA, if it is alleged by a purchaser or seller of securities. Thus, to the extent that the complaint in this action alleged that brokers were fraudulently induced, not to sell or purchase, but to retain or delay selling their securities, it fell outside SLUSA's pre-emptive scope.

*Id*. at *4. The Second Circuit's "order would permit Dabit to file another amended complaint that defines the class to exclude 'claimants who purchased in connection with the fraud ….'" *Id*. "Under the Second Circuit's analysis, a class action so limited could be sustained under state law. For the reasons that follow, we disagree." *Id*.

In Section II of its opinion, the Court recounted the importance of the federal securities laws, the history of the development of federal securities fraud class action litigation in the federal courts, and the origin of the purchaser-seller rule in section 10(b) cases, which the Court concluded was grounded on "policy considerations" (regarding the "danger of vexatiousness" that would be presented by 10b-5 suits brought by non-purchasers and non-sellers) rather than on the text of section 10(b). *Id*. at *4-*5. In Section III, the Court noted that similar policy considerations prompted the enactment of the Private Securities Litigation Reform Act of 1995. *Id*. at *6. The Court also explained how adoption of the Reform Act had unintentionally caused a shift of traditional securities fraud class actions from federal law theories of recovery and federal

courts to state law theories and state courts. *Id*. at *6. That led to Congress' enactment of SLUSA, which the Court discussed in Section IV of its opinion. *Id*. at *7.

Dabit urged that SLUSA's "operative language must be read narrowly to encompass (and therefore pre-empt) only those actions in which the purchaser-seller requirement of *Blue Chip Stamps* is met. Such, too, was the Second Circuit's view." *Id*. The Court rejected that argument, however, because it incorrectly "assumes that the rule adopted in *Blue Chip Stamps* stems from the text of Rule 10b-5 – specifically, the 'in connection with' language …." *Id*. The Court squarely rejected the proposition that it had "define[d] the words 'in connection with the purchase or sale" in *Blue Chip Stamps*. *Id*. "Under our precedents, it is enough that the fraud alleged 'coincide' with a securities transaction – whether by the plaintiff or by someone else." *Id*. "The requisite showing, in other words, is '***deception*** "in connection with the purchase or sale of any security," not deception of an identifiable purchaser or seller.'" *Id*. (emphasis added) (quoting *United States v. O'Hagan,* 521 U.S. 642, 658 (1997)).

The narrow reading Dabit had urged "would undercut the effectiveness of the 1995 Reform Act and thus run contrary to SLUSA's stated purpose, viz., 'to prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives' of the 1995 Act. SLUSA § 2(5), 112 Stat. 3227." *Dabit*, 2006 WL 694137 at *8.

> The holder class action that respondent tried to plead, and that the Second Circuit envisioned, is distinguishable from a typical Rule 10b-5 class action in only one respect: It is brought by holders instead of purchasers or sellers. For purposes of SLUSA pre-emption, that distinction is irrelevant; ***the identity of the plaintiffs does not determine whether the complaint alleges fraud "in connection with the purchase or sale" of securities***. The misconduct of which respondent complains here – fraudulent manipulation of stock prices – unquestionably qualifies as fraud 'in connection with the purchase or sale" of securities as the phrase is defined in *Zandford,* 535 U.S., at 820, 822, 122 S.Ct. 1899, and *O'Hagan,* 521 U.S., at 651, 117 S.Ct. 2199.

3

*Dabit*, 2006 WL 694137 at *10 (emphasis added). The claim that Plaintiff has pleaded in the present case, and unlike the one in *Dabit*, however, *is* "distinguishable from a typical Rule 10b-5 class action" in more than the single respect that it is "brought by holders instead of purchasers or sellers." Plaintiff has alleged no fraud, no manipulation, no misrepresentation and no omissions by Defendant – and without such allegations there is no 10b-5 claim.

The injury which Defendant negligently caused Plaintiff by failing to fair value price is the only one which Plaintiff has asserted in this case. This is not a 10b-5 claim in disguise. Plaintiff's claim of negligence is fundamentally different. Plaintiff has alleged that Defendant negligently failed to fair value price the securities held in its sub-account. It is the kind of mismanagement claim which ordinarily must be brought as a shareholder derivative claim – claims which are specifically exempted from SLUSA's preemption provision – but which cannot be brought as a derivative claim (as a matter of state corporation law) because, among other reasons, the injury is a direct one to the shareholder, rather than to the corporation itself.

The plain, unambiguous text of SLUSA preempts only those class actions in which "any private party alleg[es] … (A) a misrepresentation or omission of a material fact …; or (B) that the defendant used or employed any manipulative or deceptive device or contrivance …." 15 U.S.C. § 78bb(f)(1). Plaintiff has alleged none of these. Defendant's motion to dismiss should be denied.

## **Conclusion**

For the foregoing reasons and those previously briefed, Equitable's Motion to Dismiss should be denied.

        Respectfully submitted,

        ___s/ Robert L. King_____
        Robert L. King #6209033
        701 Market Street, Suite 350
        St. Louis, MO 63101
        Telephone:  314/621-4002
        Facsimile:   314/621-2586
        E-mail: king@swedlowking.com

        KOREIN TILLERY
        George A. Zelcs #3123738
        Three First National Plaza
        70 West Madison, Suite 660
        Chicago, Illinois 60602
        Telephone: 312/641-9750
        Facsimile:  312/641-9751
        E-mail: gzelcs@koreintillery.com

        KOREIN TILLERY
        Stephen M. Tillery #2834995
        701 Market Street, Suite 300
        St. Louis, MO 63101
        Telephone:  314/241-4844
        Facsimile:   314/241-3525
        E-mail: stillery@koreintillery.com

        ***Attorneys for Plaintiff and the Class***

Case 1:05-cv-01674-JFM   Document 16   Filed 04/05/06   Page 6 of 6

## CERTIFICATE OF SERVICE

      The undersigned certifies that service of the aforementioned instrument was made by means of the Notice of Electronic Filing on April 5, 2006, to the following counsel of record:

**Deborah A. Hawkins**
Heyl, Royster et al.
103 West Vandalia Street
P.O. Box 467
Edwardsville, IL 62025
dhawkins@hrva.com

**Margaret J. Schneider**
Mayer, Brown et al.
190 South LaSalle Street
Suite 3900
Chicago, IL 60603-3441
mschneider@mayerbrownrowe.com

**Richard K. Hunsaker**
Heyl, Royster et al.
103 West Vandalia Street
P.O. Box 467
Edwardsville, IL 62025
rhunsaker@hrva.com

**Robert H. Shultz, Jr.**
Heyl, Royster et al.
103 West Vandalia Street
P.O. Box 467
Edwardsville, IL 62025
rshultz@hrva.com

**Michele Odorizzi**
Mayer, Brown et al.
190 South LaSalle Street
Suite 3900
Chicago, IL 60603-3441
modorizzi@mayerbrownrowe.com

      \_\_\_\_\_s/ Robert L. King_____
      Robert L. King